WARD, Judge.
Robert LaGarde and Thomas Singleton were charged with simple burglary, a violation of La.R.S. 14:62, and a jury found both guilty as charged. The State appeals the Trial Judge’s post verdict judgment of acquittal for Singleton, and LaGarde appeals his conviction.
The evidence before the jury established tiie following facts. On March 5, 1986, a radio traffic reporter situated on the 43rd floor of a downtown New Orleans building observed, with the aid of binoculars, defendants’ activities in a ground level parking lot near the building. The reporter, J.C. Adams, saw an old Chevrolet station wagon with wood grain sides pull into the parking lot, and saw LaGarde exit the car and proceed to peer through the windows of various cars in the lot. Adams then watched LaGarde insert an object in a window of one car and shatter the window. While LaGarde was sitting in the vehicle he had broken into, Adams reported the incident to the police, giving a description of LaGarde and his station wagon. After relaying this information, Adams for the first time noticed Singleton, who was standing near LaGarde’s station wagon. Both men then got into the station wagon and left the parking lot.
A few blocks away, LaGarde and Singleton were apprehended by a police officer, and a screwdriver was found on the front seat of the station wagon. Soon after, Adams positively identified LaGarde and Singleton as the men he had seen earlier in the parking lot, and they were then charged with the burglary of a car rented by Pamela Loeffler. The contents of Loef-fler’s car were in disarray, but nothing was missing.
STATE’S APPEAL
Following the jury verdict, Singleton filed a Motion for Post Verdict Judgment of Acquittal. The Trial Judge granted the motion, setting aside the jury verdict only as to Singleton, because he did not see “any evidence pointing to the fact that the defendant Singleton participated in a burglary.” Louisiana Code of Criminal Procedure article 821(D) permits the State to appeal the post verdict judgment of acquittal, and the State has done so, contending that the evidence was sufficient to prove that Singleton was a principal to a burglary. The State requests this Court to reinstate the original jury verdict against Singleton.
A post verdict judgment of acquittal shall be granted only if the Court finds that the evidence, viewed in the light most favorable to the State, does not reasonably permit a finding of guilt. La.C.Cr.P. art. 821(B). If the evidence is legally insufficient to support a guilty verdict, the verdict must be set aside and either a modified verdict or a judgment of acquittal must be *398 entered. Official Revision Comment, La.C. Cr.P. art. 821; State v. Byrd, 385 So.2d 248 (La.1980).
The State suggests that the proper standard for appellate review of the judgment of acquittal is whether the State presented any evidence from which a trier of fact could reasonably conclude that Singleton was guilty of a crime. The test to determine the sufficiency of the evidence on appeal is no longer the “total lack of evidence” test. Official Revision Comment, La.C.Cr.P. art. 821. Instead, in reviewing the sufficiency of the evidence to support a conviction, appellate courts must apply the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard, adopted by the Legislature through La.C.Cr.P. art. 821(E), is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
The essential elements of the crime of simple burglary, which must have been proven by the State in this case, are: (1) unauthorized entry into the vehicle; and (2) that defendants had the intent to commit theft or a felony therein. La.R.S. 14:62; State v. Vincent, 387 So.2d 1097 (La.1980). The first element can be satisfied even though the defendant did not personally enter the burglarized vehicle because a “lookout” or a person providing a means of escape by driving a “getaway” car is also a principal to a burglary. La.R.S. 14:24; State v. Holmes, 451 So.2d 1175 (La.App. 1st Cir.1984).
The Trial Judge concluded that the evidence, even viewed in the light most favorable to the State, did not reasonably permit a finding of guilt as to Singleton. Our review of the record indicates that the conclusion reached by the Trial Judge was correct.
Adams, the only eyewitness to the incident, did not see Singleton in the parking lot until after LaGarde burglarized the vehicle. There is nothing which would indicate that Singleton acted as a “lookout” or that he provided LaGarde with a means of escape. The evidence merely places Singleton near a car which was burglarized and in a car which the burglar used to leave the scene of the crime. The evidence of record, we find, is legally insufficient to convict Singleton of simple burglary and thus, the Trial Judge was correct in granting the Motion for Post Verdict Judgment of Acquittal.
LaGARDE’S APPEAL
In LaGarde’s appeal, his counsel requests this Court to review the record for errors patent. In a supplemental, pro se brief, LaGarde asserts that the evidence presented at trial was insufficient to support his conviction. Specifically, he claims that the arresting officer offered inconsistent testimony on the color of LaGarde’s vehicle and that Adams’ testimony was not credible.
We find no errors patent in the record and affirm LaGarde’s conviction and sentence in this respect. Furthermore, after reviewing the record, we do not find the police officer’s testimony inconsistent in any way. The credibility of Adam’s testimony was a determination for the jury as trier of fact. State v. Rosiere, 488 So.2d 965, 968 (La.1986). In any event, Adams’ testimony on the scope and clarity of his view of the incident in question was verified by the police officer’s testimony at a hearing on a Motion to Suppress Evidence where the officer described the view of the parking lot from Adams’ office. Overall, the evidence presented in this case was sufficient to support a guilty verdict as to LaGarde.
Accordingly, we affirm the judgment of acquittal of Singleton and affirm the conviction of LaGarde.
AFFIRMED.