576 So.2d 1102 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Willie Earl DOUGLAS, Defendant-Appellant.
No. Cr 90-655.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1103 Louis L. Vogt, Indigent Defender Bd., Vidalia, for defendant-appellant.
John F. Johnson, Dist. Atty., Vidalia, for plaintiff-appellee.
Before FORET, LaBORDE and KNOLL, JJ.
KNOLL, Judge.
Defendant, Willie Earl Douglas, pleaded guilty as charged by bill of information to one count of aggravated burglary, a violation of LSA-R.S. 14:60, and two counts of simple burglary of an inhabited dwelling, violations of LSA-R.S. 14:62.2. The sentencing court ordered defendant to serve 30 years at hard labor on the aggravated burglary conviction, and 12 years on each count of simple burglary of an inhabited dwelling, to run concurrently with each other and with the 30 year aggravated burglary sentence. The sentencing court also ordered defendant to pay court costs and make restitution as a condition of parole.
On appeal, defendant contends the sentencing court failed to comply with LSA-C. Cr.P. Art. 894.1, and imposed constitutionally excessive sentences.

FACTS
According to the pre-sentence investigation report, on May 6, 1989, defendant entered the residence of Haywood Whitley in Vidalia, Louisiana, and burglarized the home. Six days later on May 12, 1989, two more Vidalia residences were burglarized. Upon investigation, the Vidalia Police Department recovered numerous items from defendant including two guns, jewelry, a Bearcat scanner, and a videocassette recorder (VCR) that were taken from one of the Vidalia residences. Several items were not recovered including one gun, $500 in coins and cash, and one $20 gold coin necklace.

SENTENCE REVIEW
In State v. Freeman, 444 So.2d 243, 247 (La.App. 1st Cir.1983), writ denied, 447 So.2d 1076 (La.1984), our brethren of the First Circuit succinctly outlined the relevant jurisprudence:
"Article 1, sec. 20 of the Louisiana Constitution prohibits the imposition of excessive sentences. A sentence may be excessive even though it falls within the statutory limits. A sentence is excessive when it is grossly out of proportion to the severity of the offense, or when it makes no measureable contribution to the acceptable goals of punishment and it is nothing more than the needless and purposeless imposition of pain and suffering. Moreover, maximum sentences are appropriately imposed only for the most serious violation of the described offense, and for the ... [worst] kind of offender.
Under art. 894.1, the trial judge should consider three basic factors before imposing a prison sentence: (1) that there is an undue risk that the defendant will commit another crime during the period of suspension or probation, (2) that the defendant is in need of services of a custodial environment provided most effectively by a commitment to an institution, and (3) that a lesser sentence would deprecate the seriousness of the crime. The trial judge should also consider and accord some weight, though he need not state them all for the record, other factors such as the defendant's prior criminal record, the seriousness of the offense, the defendant's personal history and his potential for rehabilitation. Finally, the trial judge must state for the record the considerations taken into account and the factual basis supporting his sentencing choice." [Citations omitted.]
*1104 In the case sub judice, the record evidence shows that the sentencing court considered the following facts before imposing sentence: Defendant, 25 years of age, pleaded guilty as charged to one count of aggravated burglary and two counts of simple burglary of an inhabited dwelling. As a juvenile, defendant was constantly in trouble with the Vidalia Police Department for stealing bicycles.
As an adult, defendant's criminal history continued. In September of 1984, defendant was arrested and charged with one count of simple burglary and two counts of simple burglary of an inhabited dwelling. In December of 1984, a charge of simple escape was filed against defendant. However, none of these charges were pursued because defendant was arrested in Mississippi only one month later for armed robbery, convicted, and sentenced to 8 years at hard labor with the Mississippi Department of Corrections. Defendant was paroled four years early and committed the instant offenses while on parole. Additionally, at the time of sentencing, defendant had pending charges of aggravated battery in violation of LSA-R.S. 14:34 and attempted aggravated escape, violations of LSA-R.S. 14:27 and LSA-R.S. 14:110.
In its sentencing reasons, the sentencing court recited the defendant's past criminal activity, the seriousness of the present offenses, the liklihood of future criminal activity by defendant, defendant's need for a custodial environment, and concluded that the maximum sentences under the relevant statutes were warranted.
Considering all of the circumstances in the case sub judice, we cannot say that the sentencing court either failed to adequately articulate reasons for the sentences or imposed constitutionally excessive sentences.

ERRORS PATENT REVIEW
An errors patent review of the record reveals that the sentencing court lacked authority to order defendant to make restitution as a condition of his parole.
The legislature has vested the Board of Parole with the authority to impose conditions of parole relating to restitution to any victim. LSA-R.S. 15:574.4(J); State v. Stewart, 486 So.2d 906 (La.App. 1st Cir. 1986). Therefore, the sentencing court was without authority to impose restitution as a condition for defendant's future parole, and we will amend the sentences accordingly.

DECREE
Defendant's sentences are affirmed in all respects, except that the sentencing court's order making restitution to the victims as a condition for parole is hereby vacated and set aside.
AMENDED AND AFFIRMED AS AMENDED.