614 So.2d 1318 (1993)
STATE of Louisiana, Appellee,
v.
Medford MAXIE, Defendant-Appellant.
No. CR92-1162.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*1319 Don M. Burkett, Many, for the State of La.
W. Charles Brown, Mansfield, for Medford C. Maxie.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
SAUNDERS, Judge.
Defendant, Medford Carltrail Maxie, was charged by bill of information with two (2) counts of simple burglary, violations of LSA-R.S. 14:62. Maxie waived formal arraignment and entered a plea of not guilty. After a jury trial, a unanimous jury found Maxie guilty of one (1) count of simple burglary and one (1) count of unauthorized entry of a place of business. Subsequently, Maxie's motion for acquittal was granted on the charge of unauthorized entry of a place of business, but was denied on the charge of simple burglary. After a habitual offender hearing, Maxie was determined to be a habitual offender. Maxie was thereafter sentenced to twelve (12) years at hard labor, to run consecutively to any previously imposed sentence.
Maxie now appeals his conviction and sentence alleging five (5) assignments of error.

*1320 FACTS
On September 6, 1991, the Country Meadows Florist Shop in Many, Louisiana, was burglarized. A cash register was taken containing a money drawer which contained money, a check and invoices. A shoe print was found outside of the store window where the entry was made.
In the early morning hours of September 6, 1991, Officer Steve Anthony Malik, of the Louisiana Department of Wildlife and Fisheries, was walking on the Belmont Highway. Officer Malik testified that he saw Maxie pull over in a blue and white pickup truck, get out of his vehicle, walk to the back of the truck, and proceed to throw something out of the back. Officer Malik further testified that Maxie then went to the front of the truck and threw out another item. Officer Malik stated that one item thrown looked like metal.
Officer Malik proceeded to ticket Maxie for littering. In doing so, he asked Maxie what he had thrown and Maxie stated that he had thrown some styrofoam off the bridge into the river. Officer Malik told Maxie that he could not have thrown any items into the river because he did not walk that far from his truck. In searching for the items thrown, Officer Malik found part of a cash register containing some change and a check made out to Country Meadows Florist. Officer Malik then proceeded to place Maxie under arrest for littering and for having no driver's license in his possession.
Deputy Benjamin DeBose was the next person to arrive at the scene. Both he and Officer Malik searched the immediate area. Three (3) items were recovered in the immediate vicinity of Maxie's truck; a cash register, a cash drawer, and the bottom tray of a cash register. Officer Malik testified that he did not see any styrofoam or anything else that could have been thrown. Maxie was subsequently arrested for simple burglary.

ERRORS PATENT
In accordance with LSA-C.Cr.P. art. 920, after reviewing the record for errors patent on its face, we find that there are no errors patent.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, Maxie contends that there was insufficient evidence for a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.
Under the Jackson v. Virginia standard, when the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. It is the role of the fact finder to weigh the respective credibility of the witnesses, and, therefore, the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
Maxie was convicted of simple burglary, a violation of LSA-R.S. 14:62, which provides, in pertinent part:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
The elements of the crime of simple burglary which must be proven are: (1) entry of a structure; (2) the entry being unauthorized, and (3) the specific intent to commit a theft or felony therein. LSA-R.S. 14:62.
Maxie claims that the State's evidence is entirely circumstantial and does not exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438 provides:
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
*1321 Incorporating this rule under the Jackson standard, an appellate court must determine that viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact would have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Honeycutt, 438 So.2d 1303 (La.App. 3d Cir.), writ denied, 443 So.2d 585 (La.1983); State v. Morris, 414 So.2d 320 (La.1982).
In State v. Porretto, 468 So.2d 1142 (La.1985), the Court held that there is no stricter standard of review for circumstantial evidence.
This is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. Porretto 468 So.2d at 1146.
Rather, the language of LSA-R.S. 15:438, when the conviction is based on circumstantial evidence, such evidence "must exclude every reasonable hypothesis of innocence," is just an evidentiary guide for the jury. If a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails. State v. Captville, 448 So.2d 676 (La.1984).
As noted in State v. Holts, 525 So.2d 1241 (La.App. 1st Cir.1988), the possession of stolen property can be properly considered by the jury as one of the circumstances tending to prove the defendant's guilt, although not rising to the level of a presumption of guilt.[1]
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. See State v. Shapiro, 431 So.2d 372 (La.1982).
The State's case involves circumstantial evidence which tends to prove that Maxie committed the crime. The following is a brief synopsis of the circumstantial evidence presented by the State.
Officer Steve Anthony Malik testified that in the early morning hours of September 6, 1991, he saw Maxie pull over in a pickup truck on the side of Belmont Highway. He saw Maxie get out of the vehicle, walk to the back of the truck, and throw something out of the truck. Maxie then went to the front of the truck and threw out another item. There was a total of three items thrown. One of the items looked like metal due to the sun's reflection. Officer Malik approached Maxie and asked him what was thrown from the truck. Defendant originally told Officer Malik that it was styrofoam. At trial, Maxie testified that it was a white "Mr. Cooks" bag which he had thrown. Officer Malik, when searching with Maxie for the items allegedly thrown from the truck, felt that Maxie was trying to get him away from the area where the items were found by claiming he threw the items into the water. Officer Malik testified that Maxie never came close to the water and that when Maxie threw the items, he was never more than one or two steps from the truck. The pickup truck was approximately forty-two (42) steps from the water. In searching for the items thrown by Maxie, Officer Malik found part of a cash register with a check and some change in it. The check was made out to Country Meadows Florist. Officer Malik testified that the items recovered were fifteen (15) to twenty (20) feet from the truck. Another portion of the cash register was found near Maxie's house a few days after his arrest.
When arrested, Maxie was wearing a pair of L.A. Gear tennis shoes. Officer Richard Martone testified that the shoe *1322 print found on the top of the cash register matched the shoe print found in the dirt outside the window where the entry was made at Country Meadows Florist.[2] Both prints were made by L.A. Gear tennis shoes. Both prints matched the tennis shoes worn by the defendant at the time of his arrest. Officer Martone also stated that gloves were worn by the perpetrator of the burglary, hence the absence of fingerprints. He testified that he saw a pair of gloves in Maxie's truck. Officer Martone further testified that, according to the owner of Country Meadows Florist, $79.00 in cash was missing, consisting of two $10.00 bills, three $5.00 bills, twenty $1.00 bills, along with $10.00 in quarters and some other change. Deputy DuBose testified that when Maxie was arrested, he had $40.00 on him, consisting of one $10.00 bill, three $5.00 bills, and fifteen $1.00 bills.
Maxie denied committing the burglary of Country Meadows Florist. Additionally, both Maxie's brother and mother, with whom Maxie lived, testified that Maxie never left their house during the hours between 10:15 p.m. and 7:00 a.m.
Based upon the evidence presented, we find that there was sufficient evidence for a reasonable trier of fact to find Maxie guilty beyond a reasonable doubt. A reasonable jury could conclude that there was enough circumstantial evidence to infer that Maxie was in possession of the stolen property, under LSA-R.S. 15:432, and the jury could reasonably use this fact as one of the circumstances tending to prove Maxie's guilt of the crime of simple burglary.

ASSIGNMENT OF ERROR NO. 2
Maxie contends that the trial court erred in refusing to grant his Motion for Post-Verdict Judgment of Acquittal as to both convictions.
This assignment of error was not briefed and will be considered abandoned according to the Uniform Rules of the Courts of Appeal, Rule 2-12.4.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
By these assignments of error, Maxie contends that the trial court erred in overruling his objection to the proof offered of his alleged prior felony convictions at the habitual offender proceedings. Additionally, he contends that the trial court erred in finding him to be a habitual offender, as defined by LSA-R.S. 15:529.1.
Maxie contends that the minutes of the two prior convictions, used for the enhancement of his sentence in this conviction, i.e., a middle grade theft guilty plea on September 20, 1982, and a simple burglary guilty plea on June 13, 1988, do not affirmatively show that the guilty pleas recorded therein were voluntarily and constitutionally valid.
The record reveals that the minute entries of both prior offenses reflect that Maxie, when entering his guilty pleas, was fully advised of his constitutional and statutory rights which he would be waiving by his plea of guilty. Both minute entries reflect that Maxie understood these rights and that he was entering his plea voluntarily and freely. Furthermore, Maxie was represented by court appointed counsel at both previous hearings.
We find that the State's use of the minute entries was sufficient to prove proper Boykinization. Both entries reflect that in pleading guilty, Maxie was knowingly, intelligently and voluntarily waiving his rights. Thus, these guilty pleas were properly used to enhance his present sentence.
For the foregoing reasons, we find this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 5
By his final assignment of error, Maxie contends that the trial judge erred in imposing an excessive sentence.
In regard to this assignment of error, LSA-C.Cr.P. art. 881.1, effective January 31, 1992, states in pertinent part:

*1323 A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
....
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. (Emphasis added).
After a review of the record and a request to the Clerk of Court, we find that no motion to reconsider was made either at Maxie's sentencing on August 19, 1992, or later filed into the record. The defense counsel merely made an oral motion for an appeal and subsequently filed a written motion for appeal. Thus, we find that this failure to file a motion to reconsider sentence precludes Maxie from raising the claim of excessiveness on appeal. Therefore, we find this assignment of error without merit.

CONCLUSION
Based upon the foregoing, the conviction and sentence of Medford Maxie is hereby affirmed.
AFFIRMED.
NOTES
[1] The Louisiana Supreme Court in State v. Searle, 339 So.2d 1194 (La.1976), determined that the statutory presumption, created by LSA-R.S. 15:432, i.e., that a person in unexplained possession of recently stolen property is the thief, is inapplicable in prosecutions for burglary.
[2] Although photographs were taken, no mold was taken of the shoe print found at the crime scene.