EDWIN A. LOMBARD, Judge.
| ]The juvenile, S.P., appeals his adjudication as a delinquent. After review of the record in light of the applicable law and arguments of the parties, the judgment of the juvenile court is affirmed in part and reversed in part.

Relevant Facts and Procedural History

On the evening of May 25, 2011, the front passenger window of a Nissan Juke parked in the 2800 block of Constance Street was broken. A man sitting on his porch, Duncan Pace, heard the sound of glass breaking, then a woman in the neighborhood yelling. He then saw, in apparent response to the woman yelling, a young man wearing shoulder-length dreadlocks, an oversized black t-shirt with a white t-shirt collar underneath, a pair of rust-colored jean shorts, and black tennis shoes running towards Washington Avenue with a woman in pursuit. Mr. Pace joined the chase while his roommate called the New Orleans Police Department (NOPD). He followed the young man down Washington Avenue towards Tchoupitoulas Street, but lost sight of him when he turned off on Annunciation Street. Shortly thereafter, Mr. Pace flagged down the police officers responding to his roommate’s call and gave them a physical description of the young man. The police officers then spotted S.P., who matched the description given by Mr. Pace, |2climbing up a porch on Chippewa Street near Third Street. The officers, exiting their vehicle, called to him. Instead of responding and coming to speak to the officers, S.P. jumped over the porch rail onto a garbage can, jumped the alleyway fence, and fled. He was apprehended underneath a house in the 700 block of Third Street and taken into custody.
That same day, the State filed a petition charging S.P. with (1) simple burglary of an automobile in violation of La.Rev.Stat. 14:62; (2) simple criminal damage to the automobile in violation of La.Rev.Stat. 14:56; and (3) resisting an officer in violation of La. Rev. 14:108. No parent ap *531 peared on behalf of S.P. at the hearing on May 26, 2011, so the matter was reset for the following day. On May 27, 2011, S.P.’s sister appeared as his guardian, probable cause was found to support the charges, and bond was set at $6000.00. On May 31, 2011, represented by appointed counsel, S.P. appeared, entering a denial to the charges in the petition. In addition to accepting the answer, the judge conducted an inquiry into S.P.’s family and economic circumstances and set the matter for trial on June 20, 2011. On June 20, 2011, the State’s motion for continuance was granted, the trial was reset for July 28, 2011, and S.P. was released to the custody of his father to reside in Alabama pending trial. On July 28, 2011, after hearing the testimony of three witnesses, the trial court adjudicated S.P. delinquent on all counts. At the disposition hearing on October 20, 2011, the trial court ordered that S.P. serve three concurrent six-month dispositions in the custody of the Office of Juvenile Justice, but suspended the disposition, ordering S.P. to serve a one-year period of probation in Alabama. By written judgment, additional conditions of probation, including a curfew, were imposed.
| ^Applicable Law and Standard of Review
The State’s burden of proof is the same in a juvenile adjudication proceeding as in a criminal proceeding, ie., the State must prove every element of the alleged offence beyond a reasonable doubt. La. Ch.Code art. 883. We review a sufficiency of the evidence challenge under the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and, accordingly, must determine “whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Captville, 448 So.2d 676, 678 (La.1984) (citation omitted). “[A]n appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong” and “[w]here there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even when the appellate court may feel that its own evaluations and inferences are as reasonable as those of the trial court.” In re A.J.F., 00-0948 (La.6/30/00), 764 So.2d 47, 61. Accordingly, if the factual findings “are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, where there are two permissible views of the evidence, the fact finder’s choice cannot be clearly wrong and an appellate court may not substitute its opinion for that of the juvenile court judge “who is in the unique position to see and hear the witnesses as they testify.” In re A.J.F., 764 So.2d at 62. Thus, absent internal contradiction or irreconcilable conflict with physical evidence, even a single ^witness's testimony is sufficient to support a factual conclusion. State v. Robinson, 02-1869 (La.4/14/2004), 874 So.2d 66.

Discussion

S.P. appeals, challenging the sufficiency of the evidence underlying each offense for which he was adjudicated and arguing that the trial court erred in allowing a police officer to testify as to a statement made to him by a non-testifying witness.
The following evidence was adduced at trial.
Officer Troy Pichón of the NOPD testified and identified S.P. as the person he *532 arrested in Orleans Parish on May 25, 2011. Officer Pichón stated, over defense counsel’s objection, that S.P. was positively identified by a witness to the incident as the person who committed the alleged burglary of an automobile. According to Officer Pichón, he and his partner, Officer Glenn Buckle, were canvassing the area when they were flagged down around Annunciation Street and Sixth Street by a witness who gave them a description of the alleged perpetrator’s hairstyle and clothing. Driving towards downtown on Chippewa Street, Officer Pichón saw S.P. When S.P. saw the police vehicle, he crossed the street from the park towards a house where other people were congregating on the porch of a woman who sold “candy and frozen cups to kids in the neighborhood.” Officer Pichón and his partner stopped their vehicle, exiting as S.P. reached the porch, and “asked him to come over.” In response S.P. jumped off the porch and over the fence into the side yard, then fled down the alleyway. Officer Pichón stated that S.P. was apprehended under a nearby house in the 700 block of Third Street.
Officer Buckle also testified and identified S.P. as the juvenile they arrested after responding to the call reporting a vehicular break-in. According to Officer | (¡Buckle, as he and his partner were canvassing the area, they observed a male fitting the perpetrator’s description but, upon seeing the police car “he ran, started jumping from yard to yard.” Officer Buckle stated the juvenile was eventually found underneath the residence at 726 Third Street. After stating that he observed the front passenger window of the vehicle “smashed out,” Officer Buckle identified photographs of the damaged vehicle submitted into evidence. However, Officer Buckle conceded on cross-examination that, although the perpetrator was described as wearing dark clothes, S.P. was wearing a white t-shirt when apprehended. According to Officer Buckle, in identifying S.P. as the perpetrator “[t]he first witness said he looked extremely similar although at the time [S.P.] was apprehended he was wearing a white t-shirt.” When asked whether the perpetrator was wearing a white t-shirt when the “first” witness observed the perpetrator, Officer Buckle responded “I didn’t speak with her directly but the second witness said that he was wearing a black t-shirt with a white one underneath it.” Officer Buckle stated that during his investigation he learned that the owner of the vehicle had not given anyone permission to break her window.
Mr. Pace testified that on May 25, 2011, he was sitting on his porch in the 2800 block of Constance Street with his roommate after work when he heard three loud bangs that “sounded like a window shattering.” After two or three seconds, he heard a woman yelling “hey you get out of there, get out of there, stop it.” Mr. Pace stated that he then observed a young African-American male running from Sixth Street towards Washington Avenue. According to Mr. Pace, the youth kept looking back, “obviously running from somebody.” He saw two dogs in pursuit of the youth and “then a middle 20 some year old female came running down the street behind them.” According to Mr. Pace, the youth was wearing a pair of dark Ujean shorts, a large oversized black t-shirt with “an exposed white collar,” and black tennis shoes. Mr. Pace joined the chase. Mr. Pace insisted that his identification of S.P. was valid because at one point during the chase, when he was within 50 yards of the youth, S.P. stopped and looked back. Although he lost sight of S.P. when he turned on Annunciation Street and subsequently gave up the chase, the police came to his house to ask him to come identify the youth. After he agreed to do so, the police brought him “[t]o where he was *533 apprehended and had him out in handcuffs with an officer and they had the spotlights on him from the car.” According to Mr. Pace, he was sure of his identification of S.P. because his clothing was very distinct, including the white collar shirt (although he had shed the black over t-shirt), “and his face matched and whatnot [sic].... ” Mr. Pace conceded that he did not see S.P. reach into the vehicle or throw anything at the vehicle.

Sufficiency of the evidence with respect to simple burglary

La.Rev.Stat. 14:62 provides in pertinent part that simple burglary is the unauthorized entering of any vehicle “with the intent to commit a felony or any theft therein....”
Even viewed in the light most favorable to the prosecution, although the window was smashed there is no evidence of entry into the vehicle. Further, although smashing a window constitutes evidence of the intent to damage the vehicle (and, as discussed infra, supports his adjudication for simple criminal damage), it does not necessarily constitute evidence of an intent to enter the vehicle as, concomitantly, would be required to find him guilty of the lesser criminal offense of attempted simple burglary. See La.Code Crim. Proc. art. 17814(A)(43); La.Rev.Stat. 14:62. Accordingly, the judgment of the juvenile court is reversed with respect to the adjudication for simple burglary.

Sufficiency of the evidence with respect to simple criminal damage

La.Rev.Stat. 14:56(A)(1) provides in pertinent part that “[s]imple criminal damage to property is the intentional damaging of any property of another, without the consent of the owner....” Counsel for the juvenile argues, with citation to La.Rev.Stat. 14:56(B), that the record does not support an adjudication on this offense because there is no evidence of the actual cost of the damage done to the car. This argument is without merit. Even accepting that the penal provisions of the statute constitute an element of the offense, La. Rev.Stat. 14:56(B)(1) provides that whoever commits the crime of simple criminal damage and the damage is less than five hundred dollars “shall be fined not more than one thousand dollars or imprisoned for not more than six months or both,” thereby indicating that there is no minimum monetary damage threshold for the offense. In this case, although there is no testimony from the owner or the vehicle or damage estimate in the record, pictures of the broken window submitted into evidence were identified by the investigating officer and submitted into evidence. In addition, eye-witness testimony establishes that S.P. was seen fleeing the vicinity of the vehicle within seconds of the witness hearing the loud sound of breaking glass. Thus, viewed in the light most favorable to the prosecution, the evidence supports the adjudication for simple criminal damage to property, a violation of La.Rev.Stat. 14:56(A).

Sufficiency of the evidence with respect to resisting an officer

La Rev.Stat. 14:108 provides in pertinent part that resisting an officer is the intentional resistance to a lawful detention or arrest when the offender knows or has reason to know that the person arresting or detaining him is acting in his |8official capacity. Pursuant to La.Code Crim. Proc. art. 215.1, an officer may stop a person in a public place whom he reasonably suspects has committed an offense and may demand of him his name, address, and an explanation of his actions.
In this case, S.P. fled when the officers exited their vehicle and asked him *534 to “come over.” Based on the information known to officers at the time they exited the vehicle, ie., property had been damaged by an individual matching S.P.’s description, the officers had reason to stop and question him. When S.P. fled from the officers, thereby intentionally resisting them, it is undisputable that he knew they were police officers acting in an official capacity. Accordingly, viewed in the light most favorable to the prosecution, sufficient evidence supports the juvenile’s adjudication for resisting an officer.

Hearsay evidence

Pursuant to La.Code Evid. 801(C), “ ‘[hjearsa/ is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered into evidence to prove the truth of the matter asserted.” However, erroneous admission of evidence requires reversal only where there is a reasonable possibility that the evidence might have contributed to the verdict. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, 891 So.2d 421 (La.1980). Therefore, the relevant inquiry is whether the error was harmless beyond a reasonable doubt. See Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); State v. Casey, 99-0023 (La.1/26/00), 775 So.2d 1022, 1033; see also State v. Johnson, 389 So.2d 1302 (La.1980) (admission of hearsay testimony is harmless error when the effect is merely cumulative or corrobative of other testimony adduced at trial).
In this case, Officer Pichón testified that S.P. was identified as the perpetrator by an unnamed, non-testifying witness and, as the State concedes, this | nwas clearly hearsay. However, because Mr. Pace identified S.P. as the perpetrator in court and testified that he identified the perpetrator shortly after his apprehension, the error was merely cumulative and, therefore, harmless.

Conclusion

The judgment of the juvenile court is affirmed in part and reversed in part. We affirm the delinquency adjudications based on the offenses of simple criminal damage and resisting an officer, but reverse the delinquency adjudication based on the offense of simple burglary.
AFFIRMED IN PART; REVERSED IN PART.
ORDER
On rehearing granted, this matter is remanded to the juvenile court for clarification as to the grade of the offense, La. Rev. Stat. 14:56, underlying S.P.’s adjudication. To all other extent, the juvenile’s application for rehearing is denied.