# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1047

STATE OF LOUISIANA

VERSUS

ERNEST JOSEPH ARCENEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR129666
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Michael Harson
District Attorney, Fifteenth Judicial District Court
Allan P. Haney
Assistant District Attorney
P.O. Box 4308
Lafayette, LA 70502
(337) 291-7009
COUNSEL FOR APPELLEE:
    State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
    Ernest Joseph Arceneaux

**GREMILLION, Judge.**

Defendant, Ernest Joseph Arceneaux, was convicted of the aggravated burglary of Rachel Nederveld's apartment and the simple burglary of a car she was using. Defendant was charged with simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2; aggravated burglary, a violation of La.R.S. 14:60; and simple burglary of an automobile, a violation of La.R.S. 14:62.

The State moved to sever the charge of simple burglary of an inhabited dwelling and proceeded to trial on the remaining charges of aggravated burglary and simple burglary of an automobile. Defendant was subsequently found guilty on both counts. He was sentenced to thirty years at hard labor for aggravated burglary and to five years at hard labor for simple burglary of an automobile. The trial court ordered the sentences to be served consecutively.

Defendant is before this court asserting two assignments of error. He contends that the trial court erred in finding him guilty of simple burglary of an automobile, and that the trial court erred in imposing excessive and consecutive sentences.

**ASSIGNMENT OF ERROR NUMBER ONE**

In his first assignment of error, Defendant contends that the trial court erred in finding him guilty of simple burglary of an automobile.[1]

> The standard of review in a sufficiency of the evidence claim is "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged." *State v. Leger*, 05-11, p. 91 (La.7/10/06), 936 So.2d 108, 170, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678

_____

[1]Defendant does not contest the sufficiency of the evidence supporting his conviction of aggravated burglary.

(La.1984)). The *Jackson* standard of review is now legislatively embodied in La.Code Crim.P. art. 821. It does not allow the appellate court "to substitute its own appreciation of the evidence for that of the fact-finder." *State v. Pigford*, 05-477, p. 6 (La.2/22/06), 922 So.2d 517, 521 (citing *State v. Robertson*, 96-1048 (La.10/4/96), 680 So.2d 1165). The appellate court's function is not to assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La.10/16/95), 661 So.2d 442.

> The factfinder's role is to weigh the credibility of witnesses. *State v. Ryan*, 07-504 (La.App. 3 Cir. 11/7/07), 969 So.2d 1268. Thus, other than insuring the sufficiency evaluation standard of *Jackson,* "the appellate court should not second-guess the credibility determination of the trier of fact," but rather, it should defer to the rational credibility and evidentiary determinations of the jury. *Id.* at 1270 (quoting *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27).

*State v. McKithern*, 11-1402, pp. 6-7 (La.App. 3 Cir. 5/2/12), 93 So.3d 684, 691.

The Defendant was convicted of simple burglary of an automobile.

In order to obtain a conviction for simple burglary, the elements of the crime must be proven beyond a reasonable doubt. The elements of the crime at issue, simple burglary, are contained in La.R.S. 14:62:

> Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein . . . .

Like most felonies, burglary consists of an act element and an intent element. La.R.S. 14:7, 14:8. The act element, or *actus reus*, is the unauthorized entry of a dwelling or vehicle. The intent element, or *mens rea*, is the specific intent to commit a theft (or other felony) in the dwelling or vehicle. *State v. Maxie*, 614 So.2d 1318 (La.App. 3 Cir.1993). Theft is defined by La.R.S. 14:67(A) as follows:

> Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371-72.

Nederveld testified that on December 3, 2010, she returned to her apartment around midnight and saw a man standing in her bedroom. The man grabbed Nederveld and started hitting her in the head and the back. Nederveld screamed and kicked, and the man ran away. Nederveld testified that the man she saw was Defendant.

The same night, Nederveld saw that the window of her mother's car, which she had been using, was broken. Nederveld indicated that the window had duct tape on it, and she did not know how the tape got there. Nederveld testified that nothing was missing from the car. However, she did not inspect the inside of the car to determine if anything had been tampered with. Nederveld also testified that she did not give Defendant permission to enter the car.

Detective Larry Theriot determined that Defendant worked at the apartment complex where Nederveld lived. A few days after the incidents, Detective Theriot spoke with Defendant. During the interview, Defendant admitted that he entered Nederveld's apartment and was looking for cash, jewelry, and other items. Defendant was then questioned about Nederveld's car as follows:

> Q Um, and then also that night, the young girl's car was broken into. Did you do that? Did you break into her car that night?
>
> . . . .
>
> A Yes, yes.
>
> Q That was parked in the front.
>
> A I'm the one that bust [sic] the window. Yes.
>
> Q Okay. Which window did you bust?
>
> A The back and the right.
>
> Q Okay. The back passenger side?

A Yeah.

Q All the way in the back. Did you get anything out of the car?

A No, sir.

Q Okay. Why didn't you get anything out the car?

A It was nothing in it.

Q Nothing in it?

A No.

Defendant was subsequently asked why he chose Nederveld's apartment, and he responded:

> I don't know, man. Uh, I don't know. I just -- I just happened to see her, you know what I'm saying? Uh, you know, going by her car and gotten [sic] cash, you know what I'm saying? So I figure, you know what I'm saying? So I figure, you know what I'm saying?
>
> . . . .
>
> Easy score. Uh, uh, uh, money, you know what I'm saying?

Defendant further stated: "Yeah, you know what I'm saying. I say, well, I – I say, well, that [sic] all intention on my mind right now. I say [sic], this is where I might have to find cash that is here."

Detective Theriot testified that during the interview, Defendant stated that he placed duct tape on the car window and used a brick to hit it. As a result of his striking the window, the car's alarm went off. Defendant then ran into the bushes. Because of the alarm, people went outside to look around, and, when they returned to their apartments, Defendant got inside the car and hid. The car's alarm went off again, so he ran. Detective Theriot then asked what Defendant "went there for," and he stated: "He said he wanted cash or something of value. He did not find anything of value to take from the car."

4

Defendant contends that the State did not prove he entered Nederveld's car with the specific intent to commit a felony or theft therein. Defendant recites Detective Theriot's testimony regarding the statement he made to police. He then asserts that the police report did not indicate that he stated he went inside the vehicle. Additionally, the investigative report stated "'it appears the subject may have attempted to burglarize the vehicle.'"

Defendant notes that Nederveld did not see him enter the car, and she testified that nothing had been removed from the car. Defendant asserts that the only evidence of a crime was the broken window and his admission that he broke it. Defendant alleges it was not necessary for him to stick his head or body inside the car to ascertain if there was anything of value in the car. Defendant avers the evidence was not legally sufficient to prove he had the specific intent to commit a felony or theft inside the car.

In support of his argument, Defendant cites *State in Interest of S.P.*, 11-1598 (La.App. 4 Cir. 5/2/12), 90 So.3d 528. In *S.P.* the juvenile was adjudicated delinquent for simple burglary of an automobile. He appealed, alleging that the evidence was insufficient to support his adjudication. Evidence adduced at the adjudication hearing indicated that the window of an automobile was broken, and a female yelled at the perpetrator to stop. Duncan Pace testified that the juvenile ran through the neighborhood and was pursued by two dogs and a female. Pace conceded he did not see the juvenile reach into the vehicle or throw anything at the vehicle. Police testified that they were flagged down and given a description of the perpetrator. Police then canvased the neighborhood in search of the perpetrator. When the juvenile saw the officers, he ran toward a house where people were gathered on a porch. Police stopped their vehicle and asked the juvenile to

5

approach. In response, the juvenile jumped a fence and fled. He was subsequently apprehended under a nearby house.

The fourth circuit found:

> Even viewed in the light most favorable to the prosecution, although the window was smashed there is no evidence of entry into the vehicle. Further, although smashing a window constitutes evidence of the intent to damage the vehicle . . . it does not necessarily constitute evidence of an intent to enter the vehicle as, concomitantly, would be required to find him guilty of the lesser criminal offense of attempted simple burglary. *See* La.Code Crim. Proc. art. 814(A)(43); La.Rev.Stat. 14:62. Accordingly, the judgment of the juvenile court is reversed with respect to the adjudication for simple burglary.

*Id.* at 533.

*S.P.* is distinguishable from Defendant in this case informed Detective Theriot that he got inside Nederveld's car.

The State asserts the Defendant's admission that he entered the car was sufficient evidence that he, in fact, entered the car. Additionally, his admission that he was looking for money satisfied the intent element of the offense.

In *State v. Augustus*, 93-406 (La.App. 5 Cir. 2/23/94), 633 So.2d 783, *writ denied*, 94-964 (La. 9/2/94), 642 So.2d 1284, the defendant was convicted of simple burglary. On appeal, he argued that the State failed to prove he had the intent to commit a felony inside the automobile he had entered. The fifth circuit noted the evidence indicated that the defendant broke into an automobile that did not belong to him without authorization and sat in the driver's seat. The fifth circuit found that there was no reasonable explanation as to why the defendant entered and sat in the automobile if his intent was to merely break the glass. The fifth circuit then stated:

> As we said in *State v. Pierce*, 450 So.2d 730 (La.App. 5 Cir.1984), "When the evidence is viewed in the light most favorable to the prosecution, it is difficult to imagine any hypothesis that does not

6

include the specific intent to commit a felony or a theft therein at the time the appellant made his unauthorized entry of the van." Supra, at p. 731.

The facts of *State v. Pierce*, supra, are very similar to those in the present case. There the defendant was seen tampering with the door of a vehicle, then entered the car and moved around in it. He carried a screwdriver as well as a bent coathanger, and there was no evidence that anything had been taken; the conviction was affirmed. See also *State v. LaGarde*, 513 So.2d 396 (La.App. 4 Cir.1987).

For the foregoing reasons, we find that the trial court was correct and drew a reasonable reference in its finding that the actions of the defendant manifested an intent to commit a theft of, or within, the vehicle in question.

*Id.* at 785-86.

In *State v. Petty*, 99-1307 (La.App. 5 Cir. 4/12/00), 759 So.2d 946, *writ denied*, 00-1718 (La. 3/16/01), 787 So.2d 301, the fifth circuit found that evidence that the defendant broke the window of a car, reached inside the car, and fled when he was ordered to stop by police was sufficient to support his conviction for simple burglary. The fifth circuit noted that viewing the evidence in the light most favorable to the prosecution, it was "difficult to imagine any hypothesis that [did] not include the specific intent to commit a felony or theft therein." *Id.* at 949.

The jury's verdict indicated it chose to believe Detective Theriot's testimony that Defendant stated he entered Nederveld's car, and there was nothing of value inside the car for him to take. Based on the evidence presented and the cases cited herein, the State proved, beyond a reasonable doubt, that Defendant entered Nederveld's car and had the specific intent to commit a felony or theft therein. Accordingly, Defendant's conviction for simple burglary is affirmed.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant contends that the trial court erred in imposing excessive and consecutive sentences. We disagree.

Defendant was sentenced on July 23, 2012, and defense counsel failed to object to the sentences or file a motion to reconsider the sentences. In *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence imposed at the sentencing hearing and did not timely file a motion to reconsider sentence; thus, this court found his claim of excessiveness of sentence was barred. *See also State v. Fletcher*, 00-968 (La.App. 3 Cir. 12/6/00), 776 So.2d 1240, *writ denied*, 01-342 (La. 12/14/01), 803 So.2d 986. Additionally, in *State v. Sarpy*, 10-700 (La.App. 3 Cir. 12/8/10), 52 So.3d 1032, *writ denied*, 11-46 (La. 6/3/11), 63 So.3d 1006, this court refused to consider the defendant's claim that the consecutive nature of his sentences rendered his sentences excessive, as the issue was not raised in the defendant's motion to reconsider sentence. *See also State v. Wood*, 08-1511 (La.App. 3 Cir. 6/3/09), 11 So.3d 701.

However, this court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence filed. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352. Accordingly, we review Defendant's claims as a bare claim of excessiveness. Bare excessiveness reviews have included evaluation of challenges to the imposition of consecutive sentences. *See State v. Runyon*, 06-823 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in *Lisotta*, 726 So.2d at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> 1. The nature of the crime,

> 2. The nature and background of the offender, and

> 3. The sentence imposed for similar crimes by the same court and other courts.

Defendant was convicted of aggravated burglary, which is punishable by imprisonment at hard labor for one to thirty years. La.R.S. 14:60. Defendant was sentenced to serve thirty years at hard labor.

Defendant was also convicted of simple burglary of an automobile, which is punishable by a fine of not more than $2,000, imprisonment with or without hard labor for not more than twelve years, or both. La.R.S. 14:62. Defendant was

sentenced to serve five years at hard labor, but no fine was imposed. The trial court ordered the two sentences to be served consecutively.

At the time of sentencing, the trial court stated:

I have considered the pre-sentence investigation. I have considered the victim's position. I have considered the aggravating and mitigating circumstances and conditions in the applicable provisions of the Code of Criminal Procedure. I note your extensive criminal record and cannot under the circumstances ignore that. With respect to the aggravated burglary I sentence you to thirty years at hard labor with credit for time served. With respect to the simple burglary I sentence you to five years at hard labor with credit for time served, to run consecutive[ly] to the aggravated burglary. That's a total of 35 years.

The presentence investigation report (PSI) indicates that Defendant was convicted of three counts of indecent behavior with a juvenile on August 18, 1993, and sentenced to one year at hard labor. That sentence was suspended, and Defendant was placed on one year active supervised probation. On June 28, 1994, Defendant's probation was revoked due to noncompliance with the conditions of his probation. Additionally, on December 12, 1996, Defendant pled guilty to simple burglary of an inhabited dwelling and was sentenced to two years at hard labor. The Defendant was released on parole on July 24, 1997. He subsequently absconded supervision, and his parole was revoked on August 3, 1998. Finally, on May 12, 2003, Defendant was convicted of molestation of a juvenile and sentenced to five years at hard labor. The following recommendation was set forth in the PSI:

Before Your Honor for sentencing is Ernest Joseph Arceneaux, a forty six year old, black male, officially classified as a fourth felony offender, convicted by jury trial for the crimes of aggravated burglary and simple burglary. He has an extensive criminal record and two prior convictions for sex offenses (3 counts of Indecent Behavior with a Juvenile and Molestation of a Juvenile). Arceneaux has no regard for the laws of the State of Louisiana and is a dire threat to public safety. His criminal record demonstrates that he is a dangerous sexual predator and requires incarceration to protect the public from any

10

further harm. Accordingly, it is recommended that the maximum hard labor sentence for each count be imposed, with each count to be served consecutively.

Defendant contends that he is not the most egregious offender, the trial court gave no consideration to La.Code Crim.P. art. 894.1 by providing any aggravating circumstances for imposing the maximum sentence for aggravated burglary, and gave no reasons or justification for imposing consecutive sentences.

The State contends that Defendant's sentence for aggravated burglary is not excessive and cites *State v. Douglas*, 576 So.2d 1102 (La.App. 3 Cir. 1991), in support of its argument. The State further contends that Defendant's undertakings constituted two distinct acts, which allows for consecutive sentences.

In *Douglas*, the defendant pled guilty to aggravated burglary and was sentenced to thirty years at hard labor. This court affirmed his sentence, noting the following criminal history:

> Defendant, 25 years of age, pleaded guilty as charged to one count of aggravated burglary and two counts of simple burglary of an inhabited dwelling. As a juvenile, defendant was constantly in trouble with the Vidalia Police Department for stealing bicycles.
>
> As an adult, defendant's criminal history continued. In September of 1984, defendant was arrested and charged with one count of simple burglary and two counts of simple burglary of an inhabited dwelling. In December of 1984, a charge of simple escape was filed against defendant. However, none of these charges were pursued because defendant was arrested in Mississippi only one month later for armed robbery, convicted, and sentenced to 8 years at hard labor with the Mississippi Department of Corrections. Defendant was paroled four years early and committed the instant offenses while on parole. Additionally, at the time of sentencing, defendant had pending charges of aggravated battery in violation of LSA-R.S. 14:34 and attempted aggravated escape, violations of LSA-R.S. 14:27 and LSA-R.S. 14:110.

*Id*. at 1104.

In *State v. Walker*, 542 So.2d 756, 760-61 (La.App. 4 Cir. 1989) (footnote omitted), the fourth circuit discussed sentences for aggravated burglary stating the following:

> a review of punishments imposed by Louisiana courts in other aggravated burglary cases illustrates that defendant's sentence is not disproportionally excessive. *State v. Michaels*, 516 So.2d 202 (La.App. 4th Cir.1987) [Defendant was originally sentenced to thirty (30) years; multiple billed and resentenced to thirty-five (35) years]; *State v. Hawthorne*, 454 So.2d 285 (La.App. 4th Cir.1984), *writ den.*, 457 So.2d 1201 (La.1984) [Defendant was sentenced to thirty (30) years where defendant choked the victim and threatened to kill her child]; *State v. Wilson*, 508 So.2d 960 (La.App. 4th Cir.1987) [Defendant was sentenced to twenty (20) years where defendant had inflicted minor physical injury to the victim and defendant had no prior convictions]; *State v. Williams*, 448 So.2d 659 (La.1984) [Defendant was sentenced to twenty (20) years where defendant had his hands around the mouth and throat of his sixty-one (61) year old victim. Defendant had a prior juvenile conviction and a conviction for attempted theft for which he was on probation at the time he committed the instant crime.]; *State v. Coleman*, 450 So.2d 1063 (La.App. 1st Cir.1984), *writ den.*, 456 So.2d 172 (La.1984) [Defendant was sentenced to twenty-five (25) years where, although he did not attack anyone, he was found in the victim's bedroom, holding a knife. Defendant had an extensive criminal record of arrests, but only one conviction].

The fourth circuit then found that the defendant's sentence of twenty-five years for aggravated burglary was not excessive in light of the fact that he attacked the victim with a screwdriver. The fourth circuit also noted that the defendant had a substantial criminal history, which included:

> a ten (10) year sentence for aggravated burglary and attempted aggravated burglary and attempted aggravated rape in 1966; a five and one-half (5 1/2) year sentence for burglary in Florida in 1969 from which defendant escaped in 1972; a five and one-half (5 1/2) month sentence for possession of stolen property in 1975, along with a violation of the Gun Control Act; and arrests without dispositions for burglary, false imprisonment, simple escape and shoplifting.

*Id.* at 759.

In *State v. Brandenburg*, 06-1158 (La.App. 3 Cir. 2/7/07), 949 So.2d 625, *writs denied*, 07-538, 07-614 (La. 10/26/07), 966 So.2d 571,573, (La. 10/26/07), the defendant was convicted of aggravated burglary and sentenced to thirty years at hard labor. This court affirmed the defendant's sentence, noting that he was a fifth felony offender with an extensive arrest record.

In *State v. Bradford*, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864, the defendant was convicted of simple burglary and sentenced to six years at hard labor for entering a home and taking a ring. The court affirmed the defendant's sentence, noting that the sentence was half the maximum sentence, he was a mature, second felony offender with a history of unauthorized entry and theft, and was unsuccessful during a prior period of probation.

In *Petty*, 759 So.2d 946, the defendant was convicted of simple burglary after breaking the window of a car and reaching inside. He was sentenced to twelve years at hard labor. The court affirmed his sentence, noting that the defendant had at least four prior felony convictions, two of which were for violent offenses. The court further noted that the sentencing court stated the defendant was in need of correctional treatment which could best be provided by his commitment to an institution and believed any lesser sentence would deprecate the seriousness of the crime.

Based on Defendant's criminal history and the cases cited herein, Defendant's sentences are not excessive.

*Consecutive Sentences*

> Louisiana Code of Criminal Procedure Article 883 states in relevant part: "If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently *unless the court expressly directs that some or all be*

13

*served consecutively.*" (Emphasis added.) The Louisiana Supreme Court has recognized that although concurrent sentencing is favored, it is within the trial judge's discretion to impose sentences consecutively based on factors including the defendant's criminal record, the severity or violent nature of the crimes, or the danger the defendant poses to the public. *State v. Thomas*, 98–1144 (La.10/9/98), 719 So.2d 49.

> Where the trial court does impose consecutive penalties, it "must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1" *State v. Merritt*, 03–946, p. 28 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, 97 (*quoting State v. Dempsey*, 02–1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040, *writ denied*, 03–1917(La.6/25/04), 876 So.2d 823).

*State v. Vollm*, 04-837, p. 6 (La.App. 3 Cir. 11/10/04), 887 So.2d 664, 669.

In *State v. Pierre*, 02-277 (La.App. 3 Cir. 6/11/03), 854 So.2d 945, *writ denied*, 03-2042 (La. 1/16/04), 864 So.2d 626, the defendant was convicted of second degree murder and attempted second degree murder and sentenced, respectively, to life imprisonment and ten years at hard labor, both to be served without benefit of probation, parole, or suspension of sentence, to run consecutively. On appeal, the defendant argued the trial court failed to articulate particular justification for the imposition of consecutive sentences.

This court held:

[E]ven though the shootings of her husband and son arose out of the same act, it is not mandatory that the sentences be served concurrently. In *State v. Bibb*, 626 So.2d 913 (La.App. 5 Cir.1993), *writ denied*, 93-3127 (La.9/16/94), 642 So.2d 188, the defendant killed his two children. The court affirmed the two consecutive life sentences. The court noted:

> Herein, the two murders, though occurring close in time and place, are separate and distinct acts that justify consecutive sentences. Further, even assuming that the murders were close enough in time and place to be considered "same act" crimes which arise from a single course of conduct, we find that the trial court did not err in imposing consecutive sentences. Article 883 permits

14

the court to impose consecutive sentences if the court "expressly directs" such sentences.

*Id.* at 940.

Thus we find the trial court did not err when it ordered the sentences to be served consecutively.

*Id*. at 954.

This case involves separate and distinct acts that justify consecutive sentences, as Defendant broke into Nederveld's car and her home. Even if this court considers the offenses at issue to constitute the same act, based on *Pierre*, 854 So.2d 945, the trial court did not err in imposing consecutive sentences. Article 883 permits the trial court to impose consecutive sentences if it expressly directs such sentences, and the trial court did so in this case.

## DECREE

The Defendant's conviction for simple burglary and his sentences for aggravated burglary and simple burglary are affirmed.

**AFFIRMED**.