# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-48

**STATE OF LOUISIANA**

**VERSUS**

**BILL ERIC WINTERS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 129658
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery, and David E. Chatelain, Judges.

**AFFIRMED.**

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Annette Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Bill Eric Winters**

**Honorable Keith A. Stutes**
**Lafayette Parish District Attorney – 15th Judicial District Court**
**Allan P. Haney**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana  70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**CONERY, Judge.**

Defendant, Bill Eric Winters, was convicted of simple burglary, a violation of La.R.S. 14:62, and originally sentenced to serve seven years at hard labor. *State v. Winters*, 11-581, 12-205, 13-303 (La.App. 3 Cir. 7/24/13), 118 So.3d 104, *writ denied*, 13-1959 (La. 2/21/14), 133 So.3d 681. Defendant was then adjudicated a multiple felony offender based on eight prior felony convictions and sentenced to serve twelve years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant and the State appealed. This court held Defendant should have been sentenced under the habitual offender law in accordance with La.R.S. 15:529.1(A)(1)(c)(ii),[1] which mandates a life sentence. Defendant's sentence was remanded to the trial court for resentencing in accordance with that statute.

On remand, the trial court resentenced Defendant to fourteen years at hard labor. The trial court also denied Defendant's motion to reconsider the fourteen-year sentence. Defendant has now appealed that sentence, arguing the proper sentence is the original seven-year sentence, or alternatively, the twelve-year sentence. The State has filed a brief indicating it does not oppose the current fourteen-year sentence. For the following reasons, we affirm Defendant's fourteen-year sentence.

## FACTS AND PROCEDURAL HISTORY

Defendant committed simple burglary when he entered Oncologics, Inc. in Lafayette, Louisiana without authorization on a Sunday morning while the business was closed. One of the employees testified at trial that "her desk drawer was open and 'some Gobstoppers and some special dark chocolate' were missing from her desk, and her calendar on her desk had been moved." *Winters*, 118 So.3d

---

[1] This was the correct citation for the statute at the time of Defendant's offense.

at 109.  An officer testified that he found Gobstopper candy in Defendant's possession at the time of his arrest.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find that there are no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error for this appeal, Defendant argues his fourteen-year sentence is excessive.  In our previous decision in this case, this court discussed the State's argument for a mandatory life sentence and agreed that the statute at issue does provide for a mandatory life sentence under the habitual offender law as an eighth felony offender.  *Winters*, 118 So.3d 104.  However, this court also noted that the trial court "may deviate from that statutorily mandated sentence if it determines that a particular sentence (including one mandated by the Habitual Offender Law) is excessive under Article I, Section 20 of the Louisiana Constitution."  *Id.* at 112.  This court noted on original appeal that the trial court had not stated extraordinary circumstances to allow deviation from the mandatory life sentence.

On remand, the trial court considered Defendant's "record of non-violent [sic] offenses[.]"  The trial court also noted Defendant "may be a victim of legislative failure to assign sentences that are meaningful or tailored to the culpability of the offender, the gravity of the offense[,] and the circumstances of the case."  Further, the trial court stated that although Defendant "continues to show some disregard for the law, [he] will not benefit nor will our tax payers benefit by subjecting him to imprisonment for the remainder of his life without the

2

benefit of parole or suspension of sentence." Reviewing Defendant's history, the trial court noted three of Defendant's siblings "died prematurely[,]" and an expert witness had reported Defendant himself "was a victim of molestation . . . when he was just eight years old, and that [Defendant] began experiencing depression as a result." Additionally, at the sentencing hearing on remand, Defendant filed certificates showing his accomplishments during his incarceration. According to Defendant, he received a Spiritual Growth Certificate from New Orleans Baptist Theological Seminary on July 13, 2016; five Certificates of Completion in Life Prep, Substance Abuse Education, and Living in Balance courses from the Rayburn Correctional Center from 2014 to 2016; a Certificate of Completion of the One Year Faith Based Certificate Program from the Providence Learning Center of the New Orleans Baptist Theological Seminary on July 13, 2016; eight Certificates of Completion of courses of study of the Christian Growth Study Plan in 2015 and 2016; and a certificate of completion of an anger management program on November 19, 2013.

After considering all the evidence, the trial court imposed a fourteen-year hard labor sentence for reasons stated on the record on remand. Importantly, the State did not appeal the trial court's fourteen-year hard labor sentence. Although the State's brief argues Defendant is not exceptional and the sentence is unconstitutionally lenient, it "has decided . . . not to appeal this sentence." We find the decision by the trial court to deviate from the mandatory life sentence as set forth in the habitual offender statute in effect at the time, La.R.S. 15:1529.1(A)(1)(c)(ii), and sentence the defendant to fourteen years at hard labor was based on sufficient evidence and was within his discretion.

3

We recognize that the amount defendant took in this burglary, some small amount of candy, is miniscule, and that if the sentence was based solely on the amount stolen, the sentence imposed on remand may be excessive. However, the elements of the crime of burglary were proven beyond a reasonable doubt. Considering that Defendant has seven previous felonies, albeit all nonviolent, the trial court was faced with a decision on remand of whether to impose the mandatory life sentence, or, finding that unconstitutionally excessive, impose the longest sentence it felt would be constitutionally permissible.

This court has previously discussed the standard for reviewing excessive sentence claims in general:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (second alteration in original) (citations omitted).

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a

4

comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1[, 3] (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784[, p. 2] (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Although a trial court should give great deference to a statutory sentence, it may:

> [D]eclare a sentence excessive under Article I, Section 20 of the Louisiana Constitution, although it falls within the statutory limits provided by the Legislature. *State v. Sepulvado*, 367 So.2d 762, 767 (La.1979). In *State v. Dorthey*, [623 So.2d 1276 (La.1993)]*,* this Court recognized that this power extends to the minimum sentences mandated by the Habitual Offender Law. *Id.* at 1280-81. However, this power should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive.

*State v. Johnson*, 97-1906, p. 6 (La. 3/4/98), 709 So.2d 672, 676. The trial court may only depart from the statutory minimum "if it finds that there is clear and convincing evidence" to rebut a "presumption of constitutionality." *Id.* The nonviolent nature of a defendant's criminal history by itself does not rebut that presumption. In order for a defendant to rebut the presumption:

> [T]he defendant must clearly and convincingly show that:
>
> > [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

5

*Id.* (quoting *State v. Young*, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531, *writ denied*, 95-3010 (La. 3/22/96), 669 So.2d 1223 (Plotkin, J., concurring) (second alteration in original)).

Further, "the trial judge must also keep in mind the goals of the Habitual Offender Law. . . . to deter and punish recidivism." *Id.* at 677. Once the trial court determines a sentence is excessive, it "must sentence the defendant to the longest sentence which is not constitutionally excessive. . . . [and] articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence which is not excessive under the Louisiana Constitution." *Id.* In *Johnson*, the court determined that the defendant did not bear his burden of proving by clear and convincing evidence that his sentence was excessive, and it remanded the matter for resentencing to the statutorily-mandated term.

Defendant is now fifty-seven years of age. On remand, the trial judge considered all of Defendant's personal circumstances, his lifelong addiction problems, his criminal history, and the lack of personal and public benefit from his possible life imprisonment when he sentenced Defendant to fourteen years at hard labor. The maximum sentence for simple burglary alone, without any enhancement for being a multiple offender, is twelve years. La.R.S. 14:62(B). An additional two years was imposed for the purpose of punishing recidivism. Considering Defendant's seven previous nonviolent felony offenses, the fourteen-year hard labor sentence in this case does not meet the criteria for cruel and unusual punishment, particularly when considering that La.R.S. 15:529.1(A)(1)(c)(ii) calls for a life sentence. We find that the sentence imposed was within the trial courts vast discretion and we affirm Defendant's fourteen-year hard labor sentence imposed on remand.

## DISPOSITION

We find no error in the trial court's imposition of a fourteen-year hard labor sentence for Defendant. Therefore, Defendant's sentence is affirmed.

**AFFIRMED.**