NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-608 consolidated with 18-609, 18-610

STATE OF LOUISIANA

VERSUS

SHELTON BROADWAY

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2017-CR-203682-A
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Charles A. Riddle, III**
**District Attorney**
**Jonathan T. Gaspard**
**Assistant District Attorney**
**Twelfth Judicial District**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Holli Ann Herrle-Castillo**
**LA  Appellate Project**
**P.O. Box 2333**
**Marrero, LA 70073**
**(504) 345-2801**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Shelton Broadway**

**EZELL, Judge.**

On November 8, 2017, the State charged Defendant Shelton Broadway as a habitual offender, pursuant to La.R.S. 15:529.1. Three such bills were filed, each with a different docket number; however, all three were addressed at the same hearing. At the close of the hearing held on December 5, 2017, the trial court adjudicated Defendant as a third habitual offender. On February 20, 2018, the trial court sentenced him to three consecutive fifteen-year sentences at hard labor.

Defendant filed a motion to reconsider sentence on February 26, 2018, alleging that the sentences were individually excessive; the motion also implied they should not be consecutive. The trial court heard the motion on March 21 and denied it.

Defendant now seeks review in this court, assigning a single error. In response to a motion by Defendant, this court ordered that the three appeals for the habitual offender sentences be consolidated.

## FACTS

The trial district court stated the facts relevant to the habitual offender proceeding at the adjudication hearing:

> Mr. Broadway was found guilty of possession of cocaine and sentenced to serve five years of hard labor, placed on probation, probation was revoked April 22nd of '93, he was sentenced to serve three years hard labor, again on April 5th 1993, he was found guilty of armed robbery, in the 19th judicial court [S]tate of Louisiana docket number 3-95-610, two counts, of armed robbery and ordered to serve 30 years in hard labor, sentences to run concurrently, in October 18th, 2017, docket number 184550 of the 12th judicial district court, Mr. Shelton Broadway was found guilty on the offense of simple burglary and the same is true on September 17th, 1991 docket number 052991, Shelton Broadway was found guilty of the offense of possession of cocaine ordered to serve five years, docket number 052991, 19th judicial district court placed on probation for five years, probation was revoked, then April 22nd, 1993, he was sentenced to serve three years of hard labor, on April 5th, 1993, the same defendant Shelton

Broadway was found guilty of armed robbery, count one, and count two, docket numbers 3-95-16, docket of the 19th judicial district court ordered in each case to serve 30 years of hard labor to run concurrently and again on October 18th, 2017, docket number 184551, on the docket of 12th judicial district court, Mr. Broadway was found guilty of simple burglary. In each case this court finds that defendant is has [sic] three felony strikes, each case against him and the court so [a]djudicates him a habitual offender offender [sic] under 15:529.1, the court notes for the record that evidence presented by the state stands uncontroverted today that Shelton Broadway, the man sitting in this courtroom i[s] one in [sic] the same person of those records reflect the convictions in docket number 052991, the 19th judicial district court on the charge of possession of cocaine, and on the two counts of armed robbery, and on the simple burglary charges for which he was found guilty October 18th, 2017 in this court, that testimony is uncontroverted, there's no evidence whatsoever that's been introduced into the record to contraindicate or indicate that any mistake in the records exist and accordingly this court is convinced that Shelton Broadway is a habitual offender under the evidence presented in this courtroom.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error under this docket number, Defendant argues that the total forty-five-year sentence, comprised of three consecutive fifteen-year sentences, is excessive. Pursuant to the law in effect at the time of the commission of the offenses in 2014, he was subject to a sentencing range of eight to twenty-four years, La.R.S. 15:529.1(A)(3)(a), since his most recent conviction was based on La.R.S. 14:62. For third offenders, La.R.S. 15:529.1(A)(3)(a) prescribed a sentence of "not less than two-thirds of the longest possible sentence" for the underlying offense and "not more than twice the longest possible sentence." The

2

underlying statute, La.R.S. 14:62(B), prescribed a sentence of "not more than twelve years."

Regarding consecutive sentences, La.Code Crim.P. art. 883 states:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

Discussing excessiveness of sentence more generally, this court has explained:

> This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:
>
> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> The fifth circuit, in [*State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183], stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

Additionally, this court has held the consecutive nature of the sentences will be included in a bare claim of excessiveness analysis. *See State v. Vollm*, 04-837 (La.App. 3 Cir 11/10/04), 887 So.2d 664; *State v. Day*, 05-287 (La.App. 3 Cir. 11/2/05), 915 So.2d 950.

*State v. Fowler*, 12-1380, pp. 7-8 (La.App. 3 Cir. 6/5/13), 114 So.3d 650, 656-57

(alterations in original).

The trial court in this case gave extensive written reasons for its sentence:

The habitual offender conviction arises from burglary convictions in [the] judge trial previously held October 18, 2017 in the 12th Judicial District Court. The defendant, Shelton Broadway, was charged by Bills of Information for Simple Burglary (three separate charges) as follows, to-wit:

(a) Docket No.: 184,549 - on or about September 22, 2014 in the Parish of Avoyelles, Shelton Broadway, Ladnell Womack and Aaron Williams violated the provisions of La. R. S. 14[:]62 entitled "Simple Burglary" in that they did enter without authority a structure known as "City Drugs" in Bunkie, Louisiana, with the intent to commit a theft therein, contrary to the law of the State of Louisiana and against the peace and dignity of same;

(b) Docket No.: 184,550 - on or about August 15, 2014, in the Parish of Avoyelles, Shelton Broadway, Ladnell Womack and Aaron Williams violated the provisions of La.R. S. 14:62 entitled "Simple Burglary" in that they did enter without authority a structure known as "Scallan's Pharmacy" in Plaucheville, Louisiana, with the intent to commit a theft therein, contrary to the law of the State of Louisiana and against the peace and dignity of same; and,

(c) Docket No.: 184,551 - on or about September 2, 2014 in the Parish of Avoyelles, Shelton Broadway and Aaron Williams violated the provisions of La. R. S. 14:62 entitled "Simple Burglary" in that they did enter without authority a structure known as "C & R Drugs" in Moreauville, Louisiana, with the intent to commit a theft

4

therein, contrary to the law of the State of Louisiana and against the peace and dignity of same.

As mentioned above, on October 18, 2017, Shelton Broadway appeared before the Twelfth Judicial District Court along with his attorney, Keith Manuel, for judge trial. The evidence proved that as part of a well-laid plan, Mr. Broadway targeted City Drugs in Bunkie, Louisiana, Scallan's Pharmacy in Plaucheville, Louisiana and C & R Drugs in Moreauville, Louisiana; the evidence supported similar entries forced into the aforesaid pharmacies resulting in substantial damages to the respective buildings and security systems protecting them. Once inside, substantial amounts of miscellaneous drugs were stolen as part of a drug-trafficking plan orchestrated by Shelton Broadway. The evidence presented at trial proved beyond a reasonable doubt that Shelton Broadway was guilty of the three (3) burglaries of pharmacies all located in Avoyelles Parish, Louisiana. Therefore, on Habitual Offender hearing of December 5, 2017, Shelton Broadway was adjudicated a Third Felony Offender within the meaning of Louisiana Revised Statute[s] 15:519.1.

In determining the sentence to be imposed herein upon Shelton Broadway, the court considers the sentencing guidelines under Article 894.1 of the La. Code of Criminal Procedure. A sentence of imprisonment is mandated as follows:

(1) there is an undue risk that during the period of a suspended sentence or probation, the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution;

(3) a lesser sentence will deprecate the seriousness of the defendant's crimes;

(4) the offenses resulted in significant economic loss to the victims;

(5) the crimes of the defendant were in concert with one or more persons with respect to whom the offender occupied a position of organizer/supervisor;

(6) the burglaries were of pharmacies and the defendant was in a drug trafficking business; and,

(7) the defendant's criminal history identifies him as a career criminal.

Additionally, of great concern to this court is the economic losses suffered by the respective business persons who fell victim to the burglaries all here in Avoyelles Parish as follows:

(a) Jeff Juneau at City Drugs in Bunkie, Louisiana, suffered economic loss in the sum of $2,171.29;

(b) Patricia Andrus at Scallan's Pharmacy in Plaucheville, Louisiana, suffered economic loss in the sum of $12,688.01; and,

(c) Mary Nuss and C. Richard Bibbee, II of C&R Drugs in Moreauville, Louisiana, suffered economic losses as follows:  Mary Nuss - $700; and, C. Richard Bibbee - $2,500.00.

By letter written to the court dated January 10, 2018 (attached hereto as Exhibit 1), C. Richard Bibbee II advised that the burglary of C&R Drugs required him to immediately replace approximately $17,000.00 in inventory.  With credit for the limited insurance reimbursements received for the stolen drugs, he advised the court that he was required to close his business and sell his files to another pharmacy.   Victims, Patricia Andrus and Jeff Juneau, both wrote letters urging this court to give maximum sentences in this case; those letters (Jeff Juneau letter dated January 28, 2018 and Patricia Andrus letter dated December 28, 2017) are also attached hereto as Exhibits 2 and 3 respectively.

This court further considers with great weight the adult criminal record of Shelton Broadway which reflects repeat arrests for felony offenses of violent crimes:

(a) 12/22/1992 - arrest by Baton Rouge City Police Department for armed robbery - to which he pled guilty to reduced charge of aggravated assault on 4/05/1993 and was sentenced to 120 days parish prison E.B.R No. 1 - 93 - 411; and,

(b) 12/07/1994 - arrest by Baton Rouge City Police Department and charged with 3 counts of armed robbery E.B.R. No. 3 - 95 - 610; on 5/3/1995 he pled guilty to 2 of the 3 counts of armed robbery and was sentenced to serve 30 years on each count with the Department of Corrections with said sentences to run concurrent with each other; the third count was dismissed.

On May 10, 2010, according to the pre-sentence investigation, Shelton Broadway was released on good-time parole with an expiration date of 12/07/2024. On October 10, 2014, Mr. Broadway was arrested on burglary of a pharmacy (four counts) all in Avoyelles

6

Parish. On October 18, 2017, Shelton Broadway was convicted of 3 counts of simple burglary as previously mentioned. The defendant's parole was revoked effective 10/10/2017. It is therefore apparent that when Shelton Broadway committed the burglaries of the Avoyelles Parish pharmacies, he was serving parole on the two concurrent 30-year prison sentences for two armed robbery convictions; also, it must not be overlooked that at the time of the plea bargain with the State on the two armed robbery convictions, a third count of armed robbery was *nolle prossed*.

This trial court readily recognizes that Louisiana Code of Criminal Procedure Article 883 favors concurrent sentences especially where a defendant is convicted of two or more offenses based on a common scheme or plan, unless the court expressly directs that some or all of the sentences be served consecutively. It was further pointed out in the State's Memorandum, in *State v. Arceneaux*, 111 So. 3d 1177 (La.App. 3 Cir. 2013) our Third Circuit of Appeal [sic] affirmed a consecutive sentence of 35 years for aggravated burglary and 5 years for simple burglary. This court finds that the defendant's criminal record reflects a strong propensity for violent crime. When coupled with the fact that his commission of the present burglaries were perpetuated while serving parole, same manifests a threat of danger and potential harm to society in general. Although the present case involves similarities in the manner in which the burglaries were accomplished, this case involves separate and distinct acts that are separated both geographically and in time as follows, to-wit:

> Scallan's Pharmacy in Plaucheville, Louisiana, August 15, 2014, Docket No. 184,550;
>
> C&R Drugs in Moreauville, Louisiana, September 2, 2014, Docket No.: 184,551; and,
>
> City Drugs in Bunkie, Louisiana, September 22, 2014, Docket No.: 184,549.

In considering sentencing under R. S. 15:529.1, the court notes that prior to November 2017, the mandatory sentence would have been life in prison; the third felony convictions (the burglaries) are each punishable by twelve (12) years and the two (2) prior felonies (both armed robbery) were crimes of violence. With Judicial Re-Investment Reforms, the third felony offender status requires the court to follow the sentencing guidelines as follows in La. R. S. 15:529.1[(A)] (3)(a):

> "The person shall be sentenced to imprisonment for a determinate term not less than one-half of the longest possible sentence for the conviction and not more

7

> than twice the longest possible sentence prescribed for a first conviction."
>
> One-half of the maximum sentence for burglary (one-half of 12 years equals 6 years) and the maximum sentence would be twice the maximum 12 year penalty or 24 years. After considering all of the facts and circumstances presented in the burglary cases in Avoyelles Parish and the prior criminal history for the defendant, this court imposes a sentence of fifteen (15) years with the Department of Corrections on each count, each sentence to run consecutively with each other and consecutively with any sentences previously imposed, all with credit for term served[.]

As the trial court noted, this court affirmed consecutive sentences for aggravated burglary and simple burglary in *State v. Arceneaux*, 12-1047 (La.App. 3 Cir. 4/3/13), 111 So.3d 1177. The aggravated burglary targeted the victim's apartment and the simple burglary involved her car. This court noted that the acts were "separate and distinct" and that La.Code Crim.P. art. 883 authorizes sentencing courts to order consecutive terms. Also, the district court's sentencing reasons fully addressed the first two factors set forth in *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.3d 1183, and *Whatley*, 03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955. The evidence showed that Defendant was a multiple offender and that the present offense caused substantial economic harm to the victims. Thus, these factors weighed against him.

Regarding the third factor, comparison to sentences in similar cases, this court affirmed a fourteen-year sentence for simple burglary, enhanced for a fourth habitual offender, in *State v. Winters*, 17-48 (La.App. 3 Cir. 5/17/17), 221 So.3d 159. In an older case, this court affirmed a twenty-year sentence for simple burglary, enhanced for a third habitual offender. *State v. Beverly*, 03-1348 (La.App. 3 Cir. 3/3/04), 867 So.2d 107. Neither of these cases are totally on point

with the present case, due to the unique facts of each; however, they show the present sentence does not fall outside the norms of Louisiana jurisprudence.

For the reasons discussed, we find that Defendant's three consecutive fifteen-year sentences are not excessive.

## **CONCLUSION**

Shelton Broadway's sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.